J-S56045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY KENNETH BOGGS, | |
| Appellant | No. 1409 EDA 2017 |

Appeal from the PCRA Order April 27, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0000505-1997

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED NOVEMBER 21, 2017**

Appellant, Anthony Kenneth Boggs, appeals *pro se* from the order dismissing his third petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely.[1]  Appellant fails to plead and prove by a preponderance of the evidence that he is entitled to the benefit of any of the three statutory exceptions to the PCRA timeliness requirement, in particular, after discovered facts.  Accordingly, we affirm.

Appellant is a serial petitioner.  The history of this case is long and rather convoluted.  We summarize only the most relevant portions of the chronology.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order dismissing the instant petition was filed on April 21, not April 27. We have amended the caption accordingly.

On December 29, 1996, Appellant, wearing a blue jacket and a ski mask, approached Raymond Parks, who was sitting in his parked car. Appellant fatally shot him four or five times. The murder was in apparent retaliation for Parks' robbing and beating of Appellant the night before. Several individuals witnessed the murder. Three people identified Appellant as the shooter.

Even though Appellant was wearing a ski mask, he was identifiable from the swelling around his eyes and nose from the beating he had received the night before from Parks, which was still visible. (N.T. Trial, 3/20/98, at 993). Eyewitness Damien Robinson testified that Appellant came to his house later that night asking to be let in; he told Robinson, "I got him, I got him." (*Id.* at 973). Police later recovered Appellant's blue jacket and the murder weapon.

On March 25, 1998, a jury convicted Appellant of first-degree murder, 18 Pa.C.S.A. § 2502(a). The trial court sentenced Appellant to a mandatory term of life in prison, on April 1, 1998. This Court affirmed Appellant's judgment of sentence on January 14, 1999, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 9, 1999. (*See Commonwealth v. Boggs*, 736 A.2d 678 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 740 A.2d 1143 (Pa. 1999)). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

On February 10, 2000, Appellant filed his first PCRA petition, *pro se*, and the PCRA court appointed counsel to represent him. Following a number of

evidentiary hearings, the PCRA court denied Appellant relief on June 12, 2003, and this Court affirmed the PCRA court's order on July 13, 2004. (*See Commonwealth v. Boggs*, 859 A.2d 826 (Pa. Super. 2004) (unpublished memorandum)).[2] On April 22, 2015, Appellant filed a "Motion for New Trial—After Discovered Evidence." The PCRA court denied the motion.

On or about June 10, 2015, Appellant filed a second PCRA petition. On October 29, 2015, the PCRA court dismissed it, and this Court affirmed. On March 10, 2017, Appellant filed the instant third PCRA petition, *pro se*. On April 21, 2017, the PCRA court dismissed the petition, after notice. This timely appeal followed.[3]

Appellant raises six questions (irregularly numbered) on appeal:

> I. Whether the [PCRA] court incorrectly dismissed Appellant's third PCRA without an evidentiary hearing due to its two findings that Appellant's claims were based on "hearsay"[?]

> II. Whether the [PCRA] court incorrectly dismissed Appellant's claims based on "[procedural] default"[?]

---

[2] On December 15, 2009, Appellant filed a motion for post-conviction DNA testing. *See* 42 Pa.C.S.A. § 9543.1; *see also Commonwealth v. Weeks*, 831 A.2d 1194, 1196 (Pa. Super. 2003) ("[p]ost conviction DNA testing . . . allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)"). The PCRA court denied the motion on July 1, 2010. Appellant did not appeal.

[3] Appellant filed a court-ordered statement of errors, on May 8, 2017. The PCRA court filed an opinion on May 12, 2017, referencing the explanatory footnotes in its Notice of Intent to Dismiss, filed April 6, 2017, and the order of dismissal, filed April 21, 2017. *See* Pa.R.A.P. 1925.

III.  Whether the [PCRA] court failed to review Appellant's claims under the "actual innocence" standards?

IV.  Whether the [PCRA] court abused its discretion by failing to apply the "exception" standard in its review of the record regarding the exhibits Appellant received from Mr. Douglas[?]

VII.  Did the Appellant's explanation that he suffered a "conflict of interest" satisfy 42 Pa. C.S.A. [sic] § 9543(b)(1)(ii)?

VIII.  Whether the [PCRA] court failed to fully address [Appellant's] claims on the merits [that] warranted further proceedings for development and new trial?

(Appellant's Brief, at 1) (unnecessary capitalization omitted).

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error."  ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (citation omitted).

Initially, we must determine whether Appellant's petition is untimely. The filing mandates of the PCRA are jurisdictional in nature and are strictly construed.  ***See Commonwealth v. Stokes***, 959 A.2d 306, 309 (Pa. 2008). Whether a petition is timely raises a question of law.  ***See Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008).  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

Furthermore, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition.  ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003).

- 4 -

Pursuant to 42 Pa.C.S.[A.] § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final. "It is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 635 Pa. 592, 604, 139 A.3d 178, 185 (2016). "As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." **Id.** The jurisdictional time limits are mandatory and interpreted literally. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute." **Id.**

A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's judgment of sentence became final on October 7, 1999, ninety days after our Supreme Court denied allowance of appeal, and the time to file a petition for a writ of *certiorari* with the United State Supreme Court expired. Therefore, Appellant had one year, or until October 7, 2000, to file a timely petition. The instant petition, filed March 10, 2017, is more than sixteen years too late.

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. **See id.; see also Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999) (explaining that petitioner's burden is to plead and prove exception applies when PCRA is untimely).

The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty days of the date the claim could have been first presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

- 6 -

As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Here, Appellant claims he only learned in February of 2017 from a fellow inmate the information which forms the gist of his complaint, *viz.*, that the judge who presided over his trial had previously presided over a trial in which the future murder victim testified as a witness. (**See** Appellant's Brief, at 6; PCRA petition, 3/10/17, at 3-4; Exhibit (Affidavit of Lamar Douglas)).

However, the PCRA court correctly observes that Appellant fails to plead or prove by a preponderance of the evidence why he could not have earlier obtained the information he now presents as after discovered facts, by the exercise of due diligence.

Instead, in a convoluted, unfocussed and undeveloped argument, Appellant appears to assert a frivolous claim for recusal and a companion assertion that he was prevented from obtaining the "facts" he now presents, by his trial counsel. Appellant alleges in turn that his trial counsel had a conflict of interest, never adequately explained or clarified, supposedly because they represented other clients in other cases, in particular the murder of one Donald Johnson in 1993. (**See** Appellant's Brief, at 7-10).

- 7 -

Appellant asserts his trial attorneys' performance was deficient. (*See id.* at 12). Why (or how) representation of more than one client at a time constitutes deficient performance, Appellant fails to explain, beyond bald speculation and conjecture.

In any event, it is well-settled that a claim of ineffectiveness does not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Wharton,* 886 A.2d 1120, 1127 (Pa. 2005) (collecting cases).

In this appeal, Appellant's petition is facially untimely. He fails to prove any after discovered facts which would establish an exception to the time-bar, let alone provide a cognizable basis for relief. With none of the statutory exceptions to the time-bar pleaded or proven, the PCRA court properly dismissed Appellant's third petition as untimely.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: *11/21/2017*